## MAYWEATHER v. SCOTT COUNTY.

## MOORE v. SCOTT COUNTY.

1. **Bounty:** RIGHTS OF PERSONS ENLISTING. That a proclamation by the governor announcing that the quota was full, was issued and published three days before plaintiff enlisted under an offer of bounty by the county, would not, in the absence of notice thereof to the plaintiff, bar a recovery.

2. —— The proclamation and its publication in a daily paper in the county would not, as matter of law, constitute notice of its contents.

*Appeals from Scott District Court.*

FRIDAY, JANUARY 25.

THESE cases are alike, and differ from the preceding two only in the facts that the plaintiffs volunteered on the 26th day of January, 1865, three days after the governor's proclamation, but there is nothing further to show that they had knowledge of it, and their names appear on the clerk's list of volunteers under the committee appointed by the board of supervisors. The verdict in each case was for the plaintiff. The defendant appeals.

*Bills & Block* for the appellants.

*Brown & Campbell* for the appellees.

COLE, J.— The only question made in these cases is respecting the effect of the governor's proclamation. That was issued and published on the 23d day of January, and the plaintiffs did not volunteer until the 26th; and hence, it is claimed, that they did not volunteer " under the call." The court left it to the jury to determine, as a matter of fact, whether the plaintiffs had notice or knowledge of the proclamation, or of the fact that the quota was full, when they volunteered. The

appellant's counsel claim that the fact of the proclamation and its publication in Davenport, where the plaintiffs volunteered, constitute notice of the fact as a matter of law. There was no other evidence whatever of the plaintiffs' knowledge of the fact or of the proclamation, except that the proclamation was published in the daily Gazette. The proclamation and its publication would not necessarily constitute notice of its contents. If it would, then a person in Lynn county, who could not possibly have known of it on the 26th, would be affected with notice the same as a person in Scott county. Laws and proclamations do not, in these days as formerly, take effect by relation back or *eo instanter*, but only at a fixed future time, or after publication and lapse of a certain time, affording reasonable presumption of notice. Rev., ch. 3. The rule, as held by the court, was legal, reasonable and equitable.

Affirmed.